UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Deanna R. Olivero, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel:  (973) 287-0966
Fax:  (973) 226-4104

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>Camp Louemma Lane Inc.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 25-15658 (MEH)<br><br>*(Joint Administration to be Requested)* |
| In re:<br><br>11Louemma Lane LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 25-15659 (MEH) |

**Order Filed on July 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### ORDER TO REJECT LEASE WITH OLAM HATORAH INC.

The relief set forth on the following page is hereby **ORDERED**.

**DATED: July 10, 2025**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

Page:      2
Debtors:   Camp Louemma Lane Inc. and 11 Louemma Lane LLC,
Case Nos.: 25-15658 and 25-15659
Caption:   *Order Approving Rejection of Lease with Olam Hatorah Inc.*

_____

Upon the Motion[1] of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seeking to reject the lease with Olam Hatorah Inc. [Docket No. ____]; and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been provided and no further notice is needed or necessary; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Lease with Olam Hatorah Inc. (annexed to the Motion as Exhibit A) is rejected pursuant to 11 U.S.C. § 365 effective as of the date of the entry of this Order.

2.      Claims arising out of the rejection of the Lease, if any, must within thirty (30) days the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.