GOETZ PLATZER, LLP
105 Eisenhower Pkwy., #4
Roseland, New Jersey 07068
Telephone: (201) 612-4444
-and-
One Penn Plaza, Suite 3100
New York, New York 10119
Telephone: (212) 695-8100
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com
Attorneys for L&L Capital Partners LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Case No. 25-15658-MEH |
| CAMP LOUEMMA LANE INC., *et al* | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Jointly Administered |

**LIMITED OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT**

**L&L Capital Partners LLC** (the "Lender"), pre-petition lender and secured creditor to 11 Louemma Lane LLC and Camp Louemma Inc. debtor and debtor-in-possession (the "Debtors" or "Mortgagors") by its undersigned counsel, hereby submits the following objection to the Adequacy of the Debtor's Disclosure Statement, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. On May 29, 2025 (the "Petition Date"), the Debtors filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

2. The Debtors owns the real property located at 43 Louemma Lane, Sussex, New

Jersey 07461 and 11 Louemma Lane, Sussex, New Jersey 07461, (collectively the "Property").

3. On or about December 24, 2021, the Debtors executed a mortgage loan note in the amount of $1,100,000.00 evidencing a loan by Lender to the Debtors. On or about December 24, 2021, in connection with the extension or continuation of credit by the Lender to the Debtors, the Debtors executed, acknowledged and delivered to Lender a mortgage dated December 24, 2021, in the amount of $1,100,000.00, on the Property. The mortgage was recorded in the Office of the Register of Deeds and Mortgages of Sussex County, New Jersey on August 5, 2022 in mortgage book 10185 page 798. On or about December 24, 2021, the Debtors executed a Loan Agreement and a Consolidated, Amended and Restated Promissory Note (the "**Note**") in the amount of $3,000,000.00 evidencing a consolidated loan by the Debtors the Lender. On or about December 24, 2021, in connection with the extension or continuation of credit by the Lender and as security for repayment of the Note, the Debtors executed, acknowledged and delivered to the Lender an Agreement of Spreader, Consolidated, Amended and Restated Mortgage, Absolute Assignment of Leases and Rents, Security Agreement and Fixture Filing dated December 24, 2021, (the "**Mortgage**") in the amount of $3,000,000.00, on the Property. The Mortgage was recorded in the Office of the Register of Deeds and Mortgages of Sussex County, New Jersey on August 5, 2022 in mortgage book 10185 page 818. As further security for the Mortgage, an Absolute Assignment of Leases and Rents (the "ALR") was granted by the Debtors to the Lender. The ALR was recorded in the Office of the Register of Deeds and Mortgages of Sussex County, New Jersey on August 5, 2022 in mortgage book 10185 page 853.

4. The Lender is the owner and holder of the aforementioned Notes, Mortgages, and ALR, and all of the other documents (collectively, the "Loan Documents") and all rights relating thereto.

5. In connection with the Loan Documents and a foreclosure action commenced by the Lender against the Debtors, the State Court entered an Amended Final Judgment in favor of the Lender for a sum amount of $5,322,971.57, together with costs for $1,555.22 and attorneys' fees in the amount of $106,474.49.

**LENDER'S LIMITED OBJECTION**

**I. The Disclosure Statement Fails to Provide Sufficient Information To Determine If The Plan Is Feasible**

6. The Debtors' filed Plan of Reorganization (the "Plan") and Disclosure Statement [collectively at ECF #41] provide that Lender's claim is identified as a Class 1 claim to be treated as follows:

"Class 1 consists of Lender's Secured Claim. Lender holds a first mortgage on the Properties. It is estimated that Lender is owed approximately $5.3 million. Under the Plan, the Debtors will satisfy the full amount owing to Lender (or an amount to be agreed upon between the Debtors and the Lender) on the Effective Date. Class 1 is unimpaired under the Plan and is conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code."

*See*, Plan Section 2B.

7. The Plan further provides that payment on the Lender's Class 1 Claim will be made on the Effective Date which is defined as the date that the Confirmation Order shall have been entered and become a Final Order.

8. The Disclosure Statement provides that the means to fund the Class 1 distribution will be made as follows:

"The Debtor anticipates funding the Plan from monies received from an outside investor / lender that the Debtor is in the process of finalizing. A supplement to the Disclosure Statement will be filed once the terms are finalized."

*See*, Disclosure Statement, Section V, (C)2.

9. It is respectfully submitted that the Debtor's description with respect to funding of the Plan as referenced above, for the purpose of payment of all classes of creditors, as well as

administrative and priority claims at 100% as provided in the Disclosure Statement, is woefully deficient in specificity to permit this Court to determine if such payments are even in the realm of feasible.

10. In order to determine whether this Plan is feasible and the whether the Court should approve the Disclosure Statement, the Debtors' must disclose:

A. Who is providing the funds that the Debtors' anticipate receiving to fund the Plan?

B. What is the relationship between the Debtors, its members and the funder?

C. What is the amount of this funding?

D. When is it anticipated that funds will be received?

E. What are the terms of this funding?

F. Is the funding to be a debt or equity funding?

G. Is the funding amount committed going to be sufficient in amount to cover all of the classes of claims as well as administrative and priority claims?

11. Respectfully, the Debtors had months to raise funds during the Lender's foreclosure litigation to pay off or refinance the Lender's debt but failed to do so.

12. The Debtors' Plan and Disclosure Statement ask this Court and the Lender to accept on faith something that the Debtors could not previously do for the period prior to the Petitioin Date, without any factual or financial information or proof of their ability to do it.

13. Adequate information requires more than unsupported conclusions and statements. "The Court finds that mere allegations or opinions, unsupported by factual information, do not meet the required standard. Adequate information is not a strictly defined term in the Bankruptcy Code. **HN3** Section 1125(a)(1) provides [**5] that:

'adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable .'"

See, In re Civitella, 15 B.R. 206, 208 (Bankr. E.D. Pa. 1981)

14. As the Bankruptcy Court in the *Civitella* case stated: "the disclosure statement declares that:

> it is anticipated that all creditors will be paid in full at the time of the sale of the debtor's property. Not one of these allegations is supported by a scintilla of factual information anywhere in the disclosure statement."
>
> *See*, In re Civitella, 15 B.R. 206, 207 (Bankr. E.D. Pa. 1981)

15. Accordingly, the *Civitella* Court denied approval of the debtor's disclosure statement absent additional and more complete disclosure. The same is true under the Debtors' Disclosure Statement and Plan. There is just not one concrete fact which would lead the Lender or this Court to determine that that Debtors' "hopes" are true and the Debtors' Plan if feasible.

16. Accordingly, until and unless the Debtors provide such detail as this Court and the Lenders can review to determine if their "hopes" are based in reality or fact, the adequacy of the Debtors' Disclosure Statement must be denied.

**II. The Plan Must Have Default Provisions.**

17. Upon review of the Plan, it is completely silent with respect to default provisions and creditors rights in the event of a default subsequent to the Effective Date.

18. It is respectfully submitted that since the Plan's Effective Date is triggered by the entry of a final order confirming the Plan, and not payments under the Plan, creditors including the Lender's Class 1 Claim must have the ability to call a default and enforce said default in the event their payment is not made by the Debtor as required on the Effective Date under the Plan.

19. With respect to a Class 1 default in payment specifically, the releases, discharges and injunctions granted to the Debtors in the Plan should be revoked and the Lender should be

given relief from the discharge, injunction and stay provisions of the Plan as set forth in Sections XI (1) and (2) such that it may enforce its foreclosure judgment and such other and further rights and remedies as it may have in law and equity.

**RESERVATION OF RIGHTS**

The Lender expressly reserves all rights with respect to the adequacy of the Disclosure Statement, confirmation of the Plan, or any other issue in these chapter 11 cases, and to supplement, modify, and amend this Limited Objection, to seek discovery, and to raise additional objections in writing or orally at the final hearing on the Disclosure Statement.

**WHEREFORE**, for the foregoing reasons, the Lender respectfully requests that the Court (a) deny the approval of the Disclosure Statement, and (b) grant such other relief as the Court deems just and proper.

Dated: October 21, 2025

Goetz Platzer, LLP

By: /s/ Clifford A. Katz
Counsel for L&L Capital Partners LLC
One Penn Plaza, Suite 3100
New York New York 10119
Attn: Clifford A. Katz, Esq.
Telephone: 212-695-8100
ckatz@goetzplatzer.com