UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: (973) 287-0966
Fax: (973) 226-4104

*Counsel to the Debtors*
*and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Camp Louemma Lane Inc., *et al.*, | Case No. 25-15658 (MEH) |
| Debtors. | (Jointly Administered) |

**Order Filed on February 27, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

### CONSENT ORDER (A) APPROVING (I) BIDDING PROCEDURES, AND (II) FORM AND MANNER OF NOTICES, (B) SCHEDULING THE TIME, DATE, AND PLACE FOR THE AUCTION, AND (C) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7), is

hereby **ORDERED**.

**DATED: February 27, 2026**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

Debtors:    Camp Louemma Lane Inc., *et al.*
Case No.:   25-15658 (Jointly Administered
Caption:    *Order Approving Bidding Procedures*

---

Upon that portion (the "***Procedures Motion***") of the motion (the "***Motion***")[1] of Camp Louemma Lane Inc. and 11 Louemma Lane LLC, each a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "***Debtor***"), for entry of an order (the "***Order***") pursuant to sections 105 and 363 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 6004-1 and 6004-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "***Local Rules***") (i) approving the proposed bidding procedures (the "***Bidding Procedures***") to be used in connection with the proposed sale (the "***Sale***") of the premises located at (i) 43 Louemma Ln, Sussex, New Jersey 07461 (the "***Camp Property***"), and (ii) 11 Louemma Lane Sussex, New Jersey 07461 (the "***Louemma Property***" and together with the Camp Property, the "***Properties***") to the bidder (the "***Successful Bidder***") that submits or collectively submit the highest and / or best offer for the Camp Property and / or the Louemma Property, and (ii) scheduling an auction (the "***Auction***") for the Properties and a hearing (the "***Sale Hearing***") to consider approval of the Sale; and this Court having reviewed the Procedures Motion; and this Court having held a hearing on the Procedures Motion on February 19,2026 (the "***Procedures Hearing***");  and, based on the Procedures Motion and the record of the Procedures Hearing, and the consent of L&L Capital Partners LLC ("***L&L***") to the entry of this Order, it now appearing that the relief requested in the Procedures Motion is in the best interest of the Debtor's estates and all parties in interest; and after due deliberation thereon and good cause appearing therefore and no further notice being required, it is hereby

**FOUND AND DECREED THAT:**

A.      This Court has jurisdiction over the Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Procedures Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Procedures Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

C.      Good and sufficient notice of the relief sought in the Procedures Motion has been given and no further notice is required..

D.      The proposed notice of the Sale and the Bidding Procedures, as set forth in the Procedures Motion, is good, appropriate, sufficient and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice of the Sale of the Properties, the assumption and assignment of the Assigned Contracts (as defined herein), or the Bidding Procedures, as set forth herein and in the Procedures Motion, is required.

---

[1]Terms used and not otherwise defined shall have the meanings ascribed by the Motion.

Debtors:   Camp Louemma Lane Inc., *et al.*
Case No.:  25-15658 (Jointly Administered
Caption:   *Order Approving Bidding Procedures*

_____

F.      The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Procedures Motion, including this Court's approval of the Bidding Procedures, attached hereto as **Exhibit A**.

G.      The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a subsequent hearing to consider whether to grant the remainder of the relief requested in the Motion, including approval of the proposed Sale free and clear of, among other things, all liens, claims, encumbrances, and interests (collectively, "***Liens, Claims and/or Interests***") (with the same to attach to the proceeds therefrom) pursuant to section 363 of the Bankruptcy Code.

H.      The Debtor has exercised sound business judgment and presented sound business reasons for approval of the Bidding Procedures. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Properties.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.      The Procedures Motion is hereby granted to the extent provided in this Order.

2.      Any and all objections, if any, to entry of this Order or to the relief provided herein and requested in the Procedures Motion that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby denied and overruled in their entirety.

**Approval of the Bidding Procedures**

3.      The Bidding Procedures, as set forth on **Exhibit A** and incorporated herein by reference as if fully set forth herein, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Properties.  To the extent that there is any conflict between the  Bidding Procedures and the terms of this Order, this Order shall control.

4.      The deadline for submitting bids for the Property (the "***Bid Deadline***") shall be **March 23, 2026** at 4:00 pm ET.

5.      Each of the Debtors, in consultation with L&L, are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

**The Auction**

3

Debtors:   Camp Louemma Lane Inc., *et al.*
Case No.:  25-15658 (Jointly Administered
Caption:   *Order Approving Bidding Procedures*

_____

6.      The Auction will be held at the offices of A.Y. Strauss LLC, counsel to to the Debtor, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039 on **March 24, 2026 at 11:00** am (ET).

7.      The Notice of Auction annexed hereto as **Exhibit B** is hereby approved.

8.      L&L is deemed a Qualified Bidder as defined in the Bidding Procedures, without the requirement of posting any Deposit or Additional Deposit as defined in the Bidding Procedures, and may credit bid at the Auction up to the amount of its judgment entered by the Honorable Frank J. DeAngelis, Presiding Judge of the Chancery Division, Sussex County, New Jersey on May 5, 2025 in the amount of $5,322,971.57.

**Sale Hearing and Objection Deadline**

9.      The Sale Hearing shall be held on **March 25, 2026 at 10:30 am (ET)** (the "**Sale Hearing Date**") before the Honorable Mark E. Hall, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608, at which time this Court shall (i) consider approval of the Sale to the Successful Bidder(s); (ii) consider the entry of the proposed sale order, substantially in the form attached to the Motion as **Exhibit 2** (the "***Sale Order***"); (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

10.     Objections, if any, to the sale of the Properties, including but not limited to issues related to adequate assurance that a purchaser will be able to perform, or the other relief requested in the Motion, other than with respect to the relief granted herein, shall: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with this Court and served so as to be received on or before **the Sale Hearing Date** (the "***Objection Deadline***"), by (a) A.Y. Strauss LLC, attorneys for the Debtor, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq. Only timely filed and served responses, objections, and other pleadings will be considered by this Court at the Sale Hearing.

11.     The failure of any person or entity to timely file their objection to the Motion shall forever bar any objection to the Motion or the relief requested therein, or to the consummation of the Sale.

**Leases and Cure Procedures**

12.     The Debtors are prohibited from entering into any lease or license agreements, including but not limited to a lease or license agreement for the use of the Debtor's Properties without further Order of this Court, upon notice to all parties. Any lease or license agreement not approved by Order of this Court shall be deemed null and void without any force or effect.

4

Debtors:    Camp Louemma Lane Inc., *et al.*
Case No.:   25-15658 (Jointly Administered
Caption:    *Order Approving Bidding Procedures*

_____

13.    With regard to the Debtor's potential assignment of certain of the Debtor's unexpired leases and executory contracts (collectively referred to as the "***Designated Leases***"), the Debtor shall serve the Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases of Non- Residential Real Property (the "***Assignment Notice***"), in the form attached as **Exhibit C** hereto, not later than fifteen (15) days after the entry of this Order.

14.    The Debtor shall attach to the Assignment Notice its calculation of the undisputed cure amounts that the Debtor believes are to be paid to cure all defaults under all unexpired leases and executory contracts (the "***Cure Amounts***"). If no amount is listed on the Assignment Notice, the Debtor believes that there is no Cure Amount.  Unless the non-debtor party to an unexpired lease or executory contract files and serves an objection (the "***Cure Amount Objection***") to its scheduled Cure Amount on or before **4:00 p.m. (prevailing Eastern time) on March 13, 2026** upon counsel to the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq., such non-debtor party should (a) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such unexpired lease or executory contract and the Debtor shall be entitled to rely solely upon the prepetition Cure Amount, and (b) be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or any other assignee of the relevant unexpired lease or executory contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such unexpired lease, license agreement or executory contract.

15.    In the event that a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the prepetition Cure Amount. After receipt of the Cure Amount Objection, the Debtor will attempt to reconcile any differences in the prepetition Cure Amount believed by the non-debtor party to exist. In the event, however, the Debtor and the non-debtor party cannot consensually resolve the Cure Amount Objection, such objection will be heard by the Court at the Sale Hearing.

**Notice**

16.    Within three (3) business days after the entry of this Order, the Debtor shall cause a copy of the Bidding Procedures and this Order to be served by first- class mail upon: (i) the Office of the United States Trustee for the District of New Jersey; (ii) all secured creditors or counsel if known; (iii) all other entities (or counsel therefor) known to have asserted any liens, claims or encumbrances in or upon the Property; (iv) all equity holders; (v) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by the Debtor to have an interest in the relief requested by the Motion; (vi) all parties known by the Debtor to have expressed a bona fide interest in acquiring the Property; (vii) the Internal Revenue Service; (viii) the United States Attorney's office; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's cases and all creditors in

5

Debtors:   Camp Louemma Lane Inc., *et al.*
Case No.:   25-15658 (Jointly Administered
Caption:   *Order Approving Bidding Procedures*

---

the case.  The Debtor shall immediately file a certificate of service on the docket indicating which parties were served.

17.    The notice set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion, the Auction, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Motion, the Auction, the Sale Hearing, and/or the proposed Sale Order shall be necessary or required.

**Additional Provisions**

18.    If L&L, in its sole and absolute discretion, makes a credit bid for the Properties and such credit bid is determined to be the winning bid in the amount of $3.4 million or less, there shall be no broker fee/buyer's premium payable by L&L (or other fees or expenses including debtor's counsel's legal fees or buyer's premium) payable from the proceeds by L&L, **EXCEPT** L&L agrees to a carve out for debtor's professional fees in the amount not to exceed $30,000 plus any unpaid US Trustee fees.  If a third party bids and such third party bid is determined to be the winning bid in an amount of $3.4 million dollars or less, the 5% buyers premium would be paid by the third party in addition to the sale price. L&L would receive the sale price. The buyer's premium would be paid by the winning bidder to the real estate broker and no other fees or expenses would be payable from the proceeds to be received by L&L, **EXCEPT that** L&L agrees to carve out for debtor's professional fees in the amount not to exceed $30,000 plus any unpaid US Trustee fees. If L&L, in its sole and absolute discretion, make a credit bid for the Properties and such credit bid is determined to be the winning bid in the amount of $3,425,000 or more, the buyer's premium and all fees and expenses payable by L&L would be capped at $75,000 (which would include the $30,000 carve out and unpaid US Trustee fees). No other fees or expenses would be payable from the proceeds to be received by L&L. If a third party bids and such third party bid is determined to be the winning bid in an amount of $3,425,000 or more then the broker would be paid its buyer's premium from the third party buyer, which is in addition to the gross sale price (the winning bid amount) to be paid to L&L, **EXCEPT that** L&L agrees to a carve out in the amount of $75,000 (which would include $30,000 for debtor's counsel fees and expenses and unpaid U.S. Trustee fees with the balance of the $75,000 to be used to satisfy any other expenses of the Debtors' estates in accordance with the priorities established by the Bankruptcy Code. In exchange for the above referenced carve outs, no expenses of administration of these cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from L&L pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law.

19.    The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

20.    The Debtors, in consultation with L&L, shall determine the highest and/or best bid.

Debtors:   Camp Louemma Lane Inc., *et al.*
Case No.: 25-15658 (Jointly Administered
Caption:   *Order Approving Bidding Procedures*

---

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     Nothing in this Order derogates from or diminishes the fiduciary duties of the Debtor to act in the best interests of the estates.

23.     This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Exhibit A to Bidding Procedures Order
[Bidding Procedures]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel:  (973) 287-0966
Fax:  (973) 226-4104

*Counsel to the Debtors
and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Camp Louemma Lane Inc., *et al.*, | Case No. 25-15658 (MEH) |
| Debtors. | (Jointly Administered) |

**BID PROCEDURES**[1]

The following bid procedures and terms of sale (the "***Bid Procedures***") shall govern the auction and sale process for the above captioned debtors and debtors in possession (collectively, the "***Debtor***")[2] interests in the following asset:

    (i)      Debtor's real property located at 43 Louemma Ln, Sussex, New Jersey 07461 (the "***Camp Property***"), and

    (ii)     11 Louemma Lane Sussex, New Jersey 07461 (the "***Louemma Property***" and together with the Camp Property, the "***Properties***")

The sale is being made pursuant to an Order of the Bankruptcy Court dated February ___, 2026 (the "***Bid Procedures Order***") in connection with the Debtor's Chapter 11 bankruptcy cases (the "***Chapter 11 Case***") pending before the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***"), Case Number 25-15658 (MEH) (Jointly Administered).  The sale of the Camp Property and / or the Louemma Property is being conducted

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion.

[2] The Debtors' chapter 11 cases are as follows:  *In re Camp Louemma Lane Inc.* (Case No. 25-15658), and *In re 11 Louemma Lane LLC* (Case No. 25-15659).

1

pursuant to, *inter alia*, Bankruptcy Code Sections 363(b), (d), (f), (k) and (m), 365, [1123(a)(5), 1123(b)(4), and 1146(a) and in accordance with the terms of the Bid Procedures Order and the Plan (if the Debtor chooses to sell the Camp Property and / or the Louemma Property pursuant to a Plan).  The seller shall be the Debtor.

### I.      Qualified Bidder Status

Any potential individual, partnership or entity that wishes to tender an offer or bid to purchase the Camp Property and / or the Louemma Property must demonstrate to the satisfaction of the Debtor, in consultation with L&L Capital Partners, LLC ("L&L"), that such potential bidder is a "*Qualified Bidder*."  A Qualified Bidder is a potential bidder who no later than **March 23, 2026 at 4:00 p.m.** (the "*Bid Deadline*") delivers so as to be actually received (including by email) by: (a) the Debtor's retained real estate broker, eRealty Advisors, Inc. (the "*Broker*"), Attn: Abraham Lowy, email: ablowy4752@gmail.com; (b) Counsel to the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq., email: ehorn@aystrauss.com, the following:

a.      A written and signed irrevocable and binding offer (the "*Qualifying Statement*") that:

    (i)      fully discloses the identity of each person or entity that is bidding for the Camp Property and / or the Louemma Property (the "*Bidder*").  The Bidder must fully disclose all persons or entities that may be participating with the Bidder including the identity of any partner, member, equity holder or financial backer of the Bidder, and the terms of any such participation;

    (ii)     includes the Bidder's address, e-mail address and telephone number where the Bidder may be contacted along with its counsel's information;

    (iii)    sets forth the assets and related agreements to be purchased by Bidder and the purchase price to be paid, which purchase price shall satisfy the requirements for an Opening Bid as set forth in Section II below;

    (iv)     states that the Bidder is financially able and interested in acquiring the Camp Property and / or the Louemma Property for the cash price of its offer without any contingencies as to financing and/or additional due diligence of any kind whatsoever, except as provided herein;

    (v)      contains a signed acknowledgment that any bid by the Bidder shall not be contingent upon such Bidder obtaining financing;

    (vi)     contains a signed acknowledgment that (a) the Bidder will be bound by its bid and the representation and statements made in the Qualifying Statement until seven (7) days after the Closing Date (defined herein) or until such bid is rejected in writing by the Debtor, and (b) if deemed the Backup Bidder prior to such termination, the

Bidder is obligated to perform the obligations of the Successful Bidder (as defined herein) if called upon by the Debtor as a back-up bid;

(vii)   is accompanied by financial information which fairly and reasonably demonstrates the source of the Bidder's ability to close on the purchase of the Camp Property and / or the Louemma Property;

(viii)  is accompanied by a good faith deposit in the amount of $150,000.00 in immediately available funds (the "***Deposit***"), which Deposit shall be made by wire transfer to an attorney escrow account designated by the Debtor pursuant to wire instructions to be provided, it being understood that (a) the Deposit shall be forfeited by the bidder to the Debtor in the event that the bidder is the Successful Bidder and fails to close in accordance with the Bid Procedures;

(ix)    acknowledges the obligation to pay the Broker as a buyer's premium at the Closing five percent (5%) of the purchase price depending on the amount of the sale (the "***Buyer's Premium***") (for the avoidance of any doubt, the five percent (5%) is in addition to the amount of the purchase price).

Any transfer taxes incurred in connection with the Sale and not otherwise exempted by Bankruptcy Court order shall be borne solely by the Successful Bidder.

**Notwithstanding the Bid Deadline, Qualified Bids may (but not necessarily will) also be considered at the Auction.**

b.   An executed original of these Bid Procedures in which the Bidder agrees and acknowledges that it will be irrevocably bound by each of the terms herein including the following:

(i)    The Bidder expressly acknowledges that it has relied solely on its own independent due diligence, investigation, analysis and valuations of the Camp Property and / or the Louemma Property and that it did not rely upon any oral or written statements, representations, warranties, promises or guarantees whatsoever, whether expressed or implied with respect to the Camp Property and / or the Louemma Property.

(ii)   The Debtor, its professionals, agents and representatives and the Broker and its agents and representatives, have not made, and do not make (and no Contract defined below, will contain), any representations as to the physical condition, rents, leases, expenses, zoning, development, operations, value, or any other matter or thing affecting or related to the Camp Property and / or the Louemma Property.

(iii)  The Bidder expressly acknowledges that any and all of its incurred expenses concerning any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of the Bidder, and under no circumstances shall the Debtor, its estate, the Broker, or their professionals be responsible to pay such expenses.

(iv)   The Bidder expressly acknowledges that **Time Is Of The Essence** with respect to the Bidder's obligation to pay the Deposit (defined herein) and the balance of the

3

purchase price) on the Closing Date (defined herein), and that any failure by the Bidder to pay the balance of the purchase price on the Closing Date will result in the Debtor retaining the Deposit as liquidated damages as an asset of the Debtor's estate, and the termination of the Bidder's right to acquire the Camp Property and / or the Louemma Property.

(v)     The Bidder expressly acknowledges that **Time Is Of The Essence** as to the Bidder to perform all of the obligations required on its part in accordance with the Bid Procedures.

(vi)    The Bidder expressly acknowledges that the Debtor in consultation with L&L, may elect to prepare a form contract of sale (the "***Contract***") for the Camp Property and / or the Louemma Property, with an accompanying proposed Sale Confirmation Order (as defined herein).  The template form of Contract, if elected to be prepared by the Debtor, will be provided to each Bidder and filed with the Bankruptcy Court no later than seven (7) days before the Bid Deadline, and each Bidder acknowledges that it is encouraged to utilize this template in its submissions of both a redlined and clean copy of their Contract, and that material deviations from the Contract will be a factor in the Debtor's determination of what is the Opening Bid (as defined in Section II below) and the Successful Bid (as defined in Section III below).

(vii)   The Bidder expressly acknowledges that no offer or bid for the Camp Property and / or the Louemma Property shall be deemed accepted by, or binding upon, the Debtor's estate unless and until such offer or bid is accepted in writing by the Debtor and approved by Order of the Bankruptcy Court.

(viii)  In the event that the Bidder is selected as the highest and best bid at the Auction, such Bidder expressly acknowledges that it must close on the purchase of the Camp Property and / or the Louemma Property on or before thirty-days (30) days from the Sale Confirmation Order (the "***Closing Date***").  The Auction shall be subject to entry of an Order of the Court confirming the sale of the Camp Property and / or the Louemma Property to the Successful Bidder (hereinafter defined) (the "***Sale Confirmation Order***").  The closing shall take place at the office of the Debtor's counsel.  The Debtor may extend the closing date for an additional thirty (30) days only if the Successful Bidder pays the *per diem* carrying costs.

(ix)    The Successful Bidder shall be obligated to close on the purchase of the Camp Property and / or the Louemma Property and there is no contingency of any kind or nature that will permit the Successful Bidder to avoid its obligations under these Bid Procedures.  Anything to the contrary contained in these Bid Procedures notwithstanding, the Debtor shall have the right to adjourn the Closing Date in order to remedy any defect to title that is not resolved by the order approving the Sale.

(x)     The Bidder expressly acknowledges and agrees that in the event that the Successful Bidder fails to timely tender the Additional Deposit (as defined herein) or otherwise perform its obligations under these Bid Procedures or its Contract with respect to the Successful Bid, the Debtor may contact the Backup

4

Bidder (hereinafter defined) and sell the Camp Property and / or the Louemma Property to the Backup Bidder upon further approval of the Bankruptcy Court, without giving credit for the Deposit or Additional Deposit, which shall be forfeited by the Successful Bidder.  Thereafter, the Backup Bidder shall be deemed the Successful Bidder, including all benefits and obligations associated therewith in accordance with these Bid Procedures and shall be obligated to comply with the terms, conditions, and obligations set forth herein and the related documents and order of the Bankruptcy Court.

(xi)   As a condition to closing, the Successful Bidder (or the Backup Bidder should it become the Successful Bidder) must pay, in addition to the Successful Bid amount, (i) the Buyer's Premium, as applicable, which shall be paid directly to Broker on the Closing Date; and (ii) any transfer taxes.

The Bidder expressly acknowledges that the Camp Property and / or the Louemma Property is / are being sold **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; and (e) environmental conditions.

(xii)   The Bidder expressly acknowledges and agrees to otherwise be bound by all the terms of the Bid Procedures.

## II.   Opening Bid; Credit Bid

Opening Bid.  The Debtor in consultation with L&L reserves the right to set a minimum opening bid (the "*Opening Bid*") at the Auction.  The next highest bid must be $25,000 greater than the Opening Bid plus payment of the applicable of the Buyer's Premium to the Broker.

Credit Bid Permitted.  L&L Capital Partners LLC shall automatically be deemed a Qualified Bidder and shall have the right to credit bid the allowed amount of its claim at Auction pursuant to section 363(k) of the Bankruptcy Code.

## III.   The Auction

In the event that the Debtor receives by the Bid Deadline one or more bids that they deem in its discretion to constitute Qualified Bids, the Debtor, with the assistance of the Broker, shall conduct a public auction (the "*Auction*") with respect to the Camp Property and / or the Louemma Property on **March 24, 2026 at 11:00 a.m. (EST)** (the "*Auction Date*").  The Auction shall

take place in person at the offices of A.Y. Strauss, LLC, counsel to the Debtor, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039. The Debtor reserves the right to conduct the Auction by a virtual or video conference remote process. The Debtor shall notify all Qualified Bidders and other invitees via e-mail or facsimile not later than one (1) business day before the Auction Date if they determine to conduct the Auction by video or conference call. The Auction may be adjourned in the Debtor's discretion. If, however, no Qualified Bid, other than L&L Capital Partners LLC is received by the Bid Deadline, then the Auction will not be held.

The Auction shall be governed by the following procedures:

a. Only authorized representatives and respective counsel of each of the Qualified Bidders, and the Debtor shall be permitted to attend and participate at the Auction;

b. Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

c. At the Auction, L&L Capital Partners LLC shall be entitled to credit bid (in one or more bids) up to the amount of its secured claim as of the Auction Date;

d. Each Qualified Bidder shall be required to confirm under oath that it has not engaged in any collusion with respect to the bidding or the Auction;

e. Bidding shall commence at the amount of the highest and best Qualified Bid(s) submitted by the Qualified Bidders by the Bid Deadline;

f. The Qualified Bidders shall participate in person at the Auction, unless otherwise directed or authorized pursuant to these Bid Procedures, through a duly authorized representative with authority to bind the entity;

g. The Auction will be conducted so that each Qualified Bidder will be informed of the previous bid(s);

h. Qualified Bidders may submit successive bids in increments of at least $25,000;

i. The Debtor reserves the right to require any round of the Auction to be conducted by sealed bid(s);

j. The Auction shall continue until there is only one offer that the Debtor determines, in consultation with L&L, subject to Bankruptcy Court approval, is the highest and best offer(s) submitted at the Auction from among the Qualified Bidders (the "*Successful Bid*"). The bidder(s) which submitted such Successful Bid shall become the "*Successful Bidder(s)*";

k. At the end of the Auction, the Debtor shall also announce and name the Successful Bidder, as well as, if applicable, the next highest and otherwise

6

best offer after the Successful Bid (the "***Backup Bid(s)***" and the Qualified Bidders that submitted such bids, the "***Backup Bidder(s)***");

l.     Deposits submitted by the Qualified Bidders who do not become the Successful Bidder shall be returned by the Debtor within five (5) business days after the Sale is consummated with the Successful Bidder;

m.    The Successful Bidder shall within three (3) business days after the Auction increase the Deposit as necessary to an amount equal to twenty percent (20%) of its final bid at the Auction (the "***Additional Deposit***") with **Time Being Of The Essence** as to the Successful Bidder's obligation to increase the Deposit;

n.     All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and these Bid Procedures;

o.     Once the Successful Bidder and, if applicable, the Backup Bidder are identified, the Debtor may submit the Successful Bid and the Backup Bid for approval by the Bankruptcy Court;

p.     The Auction shall be transcribed by a court reporter and all Qualified Bidders will be required to sign in and identify their attendance with the court reporter; and

q.     A hearing shall be held before the Honorable Mark E. Hall, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608  on **March 25, 2026 at 10:30 a.m. (ET) (the "*Sale Hearing Date*")** to confirm the results of the Auction and consider approval of the sale of the Camp Property and / or the Louemma Property free and clear of all liens, claims, encumbrances, including but not limited to, any liens, judgments, or lis pendens filed in connection therewith and interests of any kind (collectively, the "***Claims***"). Any objections to the approval of the sale of the Camp Property and / or the Louemma Property pursuant to the results of the Auction, free and clear of the Claims shall each be made in writing and filed with the Bankruptcy Court and served upon (i) A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq. and via email to ehorn@aystrauss.com, and (ii) any parties who have filed requests for notice in these Chapter 11 Case pursuant to Bankruptcy Rule 2002 so as to be received no later than  **the Sale Hearing Date**.

**IV.**     **Miscellaneous**

a.      The Debtor reserves the right to reject any offer or bidder, other than L&L Capital Partners LLC, upon consultation with L&L, who in the Debtor's reasonable business judgment, is believed not financially capable of consummating the purchase of the Camp Property and / or the Louemma Property.

b.      Nothing contained in these Bid Procedures is intended to supersede or alter any provisions of title 11 of the United States Code (the "***Bankruptcy Code***") or otherwise interfere with the jurisdiction of the Bankruptcy Court.  All of the terms and conditions set forth in these Bid Procedures are subject to modification as may be directed by the Debtor or by Order of the Bankruptcy Court.  The Debtor, upon notification to the Office of the United States Trustee, and in consultation with L&L, reserves the right to modify the Bid Procedures to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

I have read these Bid Procedures and agree to be bound by them. (**Please print clearly**)

Date: _____

Bidder: _____

Signature: _____

Title: _____

Address: _____

E-Mail: _____

Phone Number: _____

Attorney Info: _____

9

Exhibit B to Bidding Procedures Order

[Notice of Auction]

24

Exhibit B to Bidding Procedures Order

## NOTICE OF AUCTION

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| *Caption in Compliance with D.N.J. LBR 9004-2* | |
| **A.Y. STRAUSS LLC** Eric H. Horn, Esq. David S. Salhanick, Esq. Maria A.G. Harper, Esq. 290 West Mount Pleasant Avenue, Suite 3260 Livingston, New Jersey 07039 Tel:  (973) 287-0966 Fax: (973) 226-4104 *Counsel to the Debtors and Debtors-in-Possession* | |
| In re: Camp Louemma Lane Inc., *et al.*, Debtors. | Chapter 11 Case No. 25-15658 (MEH) (Jointly Administered) |

### NOTICE OF SALE, AUCTION, BIDDING PROCEDURES, AND HEARING TO CONSIDER APPROVAL OF SALE OF THE DEBTORS' PROPERTIES

**PLEASE TAKE NOTICE THAT** on December 23, 2025, the above-captioned debtors and debtors in possession (collectively, the "***Debtor***") filed a motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***") requesting, among other things, (a) the approval of bidding procedures (the "***Bidding Procedures***") in connection with the sale of the premises located at 43 Louemma Ln, Sussex, New Jersey 07461 (the "***Camp Property***"), and 11 Louemma Lane Sussex, New Jersey 07461 (the "***Louemma Property***" and together with the Camp Property, the "***Properties***"), and (b) the scheduling of a bid deadline, auction date, and sale hearing (the "***Bidding Schedule***"). On _____, 2026, the Bankruptcy Court entered an order [Docket No. ____] (the "***Bidding Procedures Order***") approving, among other things, the Bidding Procedures, and establishing the Bidding Schedule.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of each of the Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained: (i) by accessing the Bankruptcy Court's

website at https://www.njb.uscourts.gov, or (ii) contacting Eric H. Horn, Esq. at A.Y. Strauss LLC, attorneys for the Debtor, at 973-287-5006 or ehorn@aystrauss.com.  Note that a PACER password and payment is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE THAT** all interested parties are invited to make competing offers for the Properties in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit bids for the Property (the "***Bid Deadline***") is March 23, 2026 at 4:00 p.m. (ET).  Pursuant to the Bidding Procedures Order, the Debtor will conduct an auction (the "***Auction***") for the Properties on March 24, 2026 at 11:00 am (ET) and such Auction will be held at the offices of A.Y. Strauss, LLC, counsel to the Debtor, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039.  The Debtor reserves the right to conduct the Auction by a virtual or video conference remote process

**PLEASE TAKE FURTHER NOTICE THAT** the Bidding Procedures Order further provides that a sale hearing ("***Sale Hearing***") will be held on _____ **at 11:00 a.m. (ET)** before the Honorable Mark E. Hall, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608. The hearing may be adjourned from time to time.

**PLEASE TAKE FURTHER NOTICE THAT** at the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order, among other things, approving the highest or best bid for the Properties (which will be determined as described in the Bidding Procedures), pursuant to which the Debtor will transfer the Property. In addition, the Debtor will request that the Bankruptcy Court provide that the transfer of the Property be free and clear of all liens, claims, and interests (except for the tenancies).

**PLEASE TAKE FURTHER NOTICE THAT** all requests for information concerning the sale of the Property should be directed by written request to counsel for the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07068, Attention Eric H. Horn, Esq.

Dated: _____, 2026

**A.Y. STRAUSS LLC**

By: _____
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel.  (973) 287-5006
Fax  (973) 226-4104

*Counsel to the Debtors*
*and Debtors-in-Possession*

Exhibit C to Bidding Procedures Order

[Cure Procedures]

25

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel:  (973) 287-0966
Fax:  (973) 226-4104

*Counsel to the Debtors
and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Camp Louemma Lane Inc., *et al.*, | Case No. 25-15658 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND
UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED AS
<u>PART OF SALE OF DEBTORS' PROPERTIES</u>**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH THE DEBTOR AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO.[1]**

**PLEASE TAKE NOTICE THAT** on December 23, 2025, the above captioned debtors and debtors in possession (collectively, the "***Debtor***") filed a motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***") requesting, among other things, (i) the approval of bidding procedures (the "***Bidding Procedures***") in connection with the sale of the real property located at 43 Louemma Ln, Sussex, New Jersey 07461 (the "***Camp Property***"), and 11 Louemma Lane Sussex, New Jersey 07461 (the "***Louemma Property***" and together with the Camp Property, the "***Properties***"), and (ii) the scheduling of a bid deadline, auction date, and sale hearing (the "***Bidding Schedule***"). On _____, 2026, the Bankruptcy Court entered an order [Docket No. _____] (the "***Bidding Procedures Order***") approving, among other things, the Bidding Procedures, including a

---

[1] This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is not an admission by the Debtor that such contract or lease is executory or unexpired.

process for the Debtor to seek approval of, the sale of the Properties, including the assumption and assignment of certain executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures, the Debtor may assume and assign to the purchaser the executory contracts or unexpired leases listed on Exhibit A attached hereto (each, an "***Assigned Contract***") to which you are a counterparty.  The Debtor has conducted a review of its books and records and has determined that the cure amount for unpaid monetary obligations under such Assigned Contract is as set forth on Exhibit A (the "***Cure Amount***"). If you disagree with the proposed Cure Amount, object to the proposed assignment to the Purchaser or other Successful Bidder of the Assigned Contract or object to the Purchaser's or other Successful Bidder's ability to provide adequate assurance of future performance with respect to any Assigned Contract, you must file an objection with the Bankruptcy Court so as to be actually received no later than **4:00 p.m. (prevailing Eastern time) on** _____ **2026** (the "***Objection Deadline")*) and serve such objection on (i) A.Y. Strauss LLC, Counsel to the Debtor and Debtor in Possession, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor proposes that if no objection to (a) the Cure Amount(s), (b) the proposed assignment of the Assigned Contract to the Purchaser or other Successful Bidder, or (c) adequate assurance of the purchaser's ability to perform is filed by the Objection Deadline, (i) you will be deemed to have stipulated that the Cure Amount as determined by the Debtor is correct, (ii) you shall be forever barred, estopped, and enjoined from asserting any additional cure amount under the Assigned Contract, and (iii) you will be forever barred from objecting to the assumption or assignment of the Assigned Contract to the Purchaser or other Successful Bidder or the Purchaser's or other Successful Bidder's adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE THAT** with respect to any Assigned Contract assumed and assigned to the Purchaser or other Successful Bidder, all Cure Amounts shall be satisfied by payment of the Cure Amounts as soon as reasonably practicable after closing of the sale to the purchaser or on such other terms as the parties to each such Assigned Contract and the purchaser may otherwise agree without any further notice to or action, order, or approval of the Bankruptcy Court.  In addition, the assumption or assignment of each such Assigned Contract may be conditioned upon the disposition of all issues with respect to such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures, with respect to any Assigned Contract, in the event of a dispute regarding: (a) the amount of any Cure Amount; (b) the ability of the Debtor to assume or assign to the Purchaser or other Successful Bidder such Assigned Contracts; (c) the ability of the purchaser to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), if applicable, under such Assigned Contract; or (d) any other matter pertaining to assumption or assignment, the Cure Amounts shall be paid as soon as reasonably practicable following the entry of a final order resolving the dispute and approving the assumption and assignment of such Assigned Contract; provided, however, that the Debtor may settle any such dispute without any further notice to or action, order, or approval of the Bankruptcy Court.

**A.Y. STRAUSS LLC**


By: */s/ Eric H. Horn*
       Eric H. Horn, Esq.
       290 West Mount Pleasant Avenue, STE 3260
       Livingston, New Jersey 07039
       Tel. (973) 287-5006
       Fax  (973) 533-0127

       *Counsel to the Debtors*
       *and Debtors-in-Possession*